IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09-4017-01-CR-C-NKL |
| | ) | |
| DONALD RAY GERLT, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

On April 27, 2010, this court, sua sponte, ordered an examination of defendant Donald Ray Gerlt, and a report, pursuant to 18 U.S.C. § 4241, to determine whether defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. On August 5, 2010, defendant was transferred to the Federal Correctional Facility, where he was evaluated by Forensic Staff to assess his competency. Dr. Rattan, Ph.D., of the Federal Correctional Facility, has submitted to the court a mental health evaluation report on defendant in which he finds defendant to be competent. Defendant was previously evaluated by Dr. Kline, Ph.D., at the request of defense counsel. Dr. Kline's report of March 22, 2010, concluded that defendant was not competent to proceed. A hearing to determine defendant's competency was held on October 26, 2010, before the undersigned.[1]

A defendant is not competent to be tried if he suffers from a mental disease or defect which impairs his "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" or leaves him without a "rational and factual understanding" of the charges and proceedings against him. Dusky v. United States, 362 U.S. 402, 402 (1960). A conviction of an incompetent person is a violation of due process. United States v. Robinson, 253 F.3d 1065, 1067 (8th Cir. 2001). In determining competency, the court may rely on

---

[1]This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

numerous factors, including expert medical opinions and the court's observation of the defendant's demeanor.  Id.  The mere presence of some degree of mental disorder in the defendant does not necessarily mean that he is incompetent to assist in his own defense.  Id.

Here, both mental health experts believe defendant has some mental disorders.  Both experts have excellent credentials.  Dr. Rattan and Dr. Kline both diagnosed defendant with major depressive disorder and antisocial personality disorder.

Dr. Rattan concluded that Mr .Gerlt was competent to proceed after observation for 25 days, which included covert and overt observation, interviews and tests, and structured interviewing.  He found that defendant suffers from alcohol and cocaine dependency, major depressive disorder that is moderate, and antisocial personality disorder with paranoid features.  Dr. Rattan found defendant was not psychotic because he found no evidence Mr. Gerlt had any problem managing himself or his relations with others.  Mr. Gerlt's suspiciousness of his attorney and criminal proceedings was not based on psychotic processes and Gerlt exhibited an ability to improve his rapport with Dr. Rattan's staff over time.  Dr. Rattan noted that psychosis requires a rigid inflexibility and is not a mild disorder.  A psychotic is typically a person who is homeless, lives under a bridge and is unable to care for himself.  Dr. Rattan found no evidence of psychotic processes; he found Mr. Gerlt to be of average range of functioning and able to understand the legal proceedings, but that he does have an antisocial personality disorder.  He has exhibited similar behavior in the past; his mistrust of law enforcement is pervasive and he overestimates his own legal ability.  Dr. Rattan found these problems to be very common for prisoners and others charged with a crime.  He also noted there was no history of psychotic disorders in Gerlt's medical records, which include other in-patient psychiatric evaluation.  Dr. Rattan further opined that Mr. Gerlt was much like tax protesters who do not have a mental disease or defect, but have overvalued ideas.

Dr. Rattan disagreed with Dr. Kline's diagnosis of Psychotic Disorder NOS (not otherwise specified).  Dr. Rattan's opinion is that defendant's current problems in working with court-appointed counsel and an overly-optimistic appraisal of his situation are based on his previous and repeated negative contacts with law enforcement, beginning when he was a juvenile, which are exacerbated by his antisocial personality disorder; and that he did not have a

mental disease or defect rendering him incompetent. Dr. Rattan concluded that Mr. Gerlt has an antisocial personality disorder and, as a result, distrusts law enforcement and makes bad decisions.

Dr. Kline, after a three-hour interview, opined that Mr. Gerlt was incompetent to assist his attorney with his case. He found that Mr. Gerlt has views about the court, the defense attorney and the case and that his conspiracy beliefs are delusional. He defined "delusional" as a "fixed false belief that does not respond to argument," and on that basis, concluded that Mr. Gerlt was delusional and that it rose to the level of being psychotic. Dr. Kline was further of the opinion that it is not unusual for an individual to have a very focused delusion, such as someone who believes that his or her spouse is poisoning them, but is rational in all other ways, and Dr. Kline is of the opinion that where, as in this case, Mr. Gerlt's delusion relates to counsel, the court and the criminal proceedings, that he is not competent to assist his defense attorney in handling the case. Dr. Kline believed Mr. Gerlt could not make rational decisions necessary to assist his attorney and, therefore, was incompetent to proceed. Dr. Kline was of the opinion that it is not merely a lack of insight or judgment, but, in fact, delusion. In that regard, the two mental health experts differed and thus, the court must make a decision.

Dr. Rattan had a much more substantial opportunity to evaluate defendant than did Dr. Kline. Dr. Rattan and the Forensic Staff at the Federal Correctional Institution were able to observe defendant over a period of 25 days, conducted multiple interviews, administered numerous psychological tests, and they had daily overt and covert observation of and interaction with defendant.

Based on the superior opportunities of Dr. Rattan to evaluate defendant, and this court's personal observation of Mr. Gerlt, this court finds Dr. Rattan's assessment more persuasive. See United States v. Ghane, 490 F.3d 1036, 1040 (8th Cir. 2007) (citing United States v. Martinez, 446 F.3d 878, 882 (8th Cir. 2006) (in determining defendant's competency to stand trial, court may rely on one of two competing competency opinions given by qualified experts)). Defendant's distrust and irrational beliefs of conspiracy, of which he is unwilling to be convinced otherwise, do not rise to the level of a mental disease or defect rendering him incompetent to proceed in this case. Dr. Kline defined "delusion" as a "fixed false belief that does not respond

3

to argument." This court does not believe that Gerlt's suspiciousness is the result of a delusion; rather, Gerlt's beliefs about law enforcement are not different from the beliefs of many others who are charged with a crime. Like others, Gerlt's antisocial personality disorder causes him to misinterpret common events in criminal proceedings and overvalue his beliefs of his own innocence or of a conspiracy. These types of beliefs, while irrational, do not mean Gerlt suffers from a mental disease or defect rendering him incompetent to stand trial. Most tax protestors are probably in this same category. Additionally, Dr. Rattan's assessment is consistent with this court's conversation with defendant at the hearing, as well as the court's observation of defendant's demeanor, at the hearing and on prior occasions. His irrational beliefs arise from his antisocial personality disorder, not from some bizarre or otherwise psychotic process.

Although defendant may be a difficult client, this does not necessarily mean he lacks the ability to assist his attorney. The record reflects that defendant has provided relevant information to his attorney in this case, such as names of numerous witnesses. Defendant has also asserted to the court that he can work with an attorney in defending his case, and the results of defendant's clinical objective psychological tests suggest that defendant's current problems with his ability to properly assist counsel are mild-to-moderate and likely can be overcome. Defendant has a good understanding of the legal processes and the charges against him. Dr. Rattan's testing, interviews and 25 days of observation of and interaction with defendant suggest that defendant has the ability to ameliorate his feelings of suspiciousness caused by his prior experiences with law enforcement and his antisocial personality disorder, upon building a rapport with his legal counsel.

Based on the foregoing, this court finds that defendant is not suffering from a mental disease or defect rendering him incompetent to proceed in this case. The defendant is both able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, although his antisocial personality disorder and other problems make it difficult for him to do so.

IT IS, THEREFORE, RECOMMENDED that defendant be found competent to proceed in this case.

Counsel are reminded they have fourteen days from the date of receipt of a copy of this Report and Recommendation within which to file and serve objections to same. A failure to file and serve exceptions by this date shall bar an attack on appeal of the factual findings in the Report and Recommendation which are accepted or adopted by the district judge, except on the grounds of plain error or manifest injustice.

Dated this 10th day of November, 2010, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge